BERGER SINGERMAN LLP
James Gassenheimer
1450 Brickell Ave., Suite 1900
Miami, FL 33131
Tel: (305) 755-9500
Fax: (305) 714-4340

*(Admitted Pro Hac Vice)*
*Counsel for Charles Gassenheimer*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENER1, INC., | ) | Case No.: 12-10299-MG |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |
| | ) | |

**CHARLES GASSENHEIMER'S SUPPLEMENTAL MEMORANDUM OF LAW ON THE ISSUE OF THE COURT'S SUBJECT MATTER JURISDICTION TO HEAR DEBTOR'S POST CONFIRMATION BREACH OF CONTRACT CLAIM**

Charles Gassenheimer ("Gassenheimer"), by and through undersigned counsel, files this Supplemental Memorandum of Law on issue of the Court's Subject Matter Jurisdiction to hear the Debtor's Post Confirmation Breach of Contract claim/defense and states:

1. Ener1, Inc. ("Ener1") filed this Chapter 11 case on January 26, 2012, and confirmed it's pre-packaged plan of reorganization on February 28, 2012. [ECF No. 74]

2. Pursuant to the Plan of Reorganization and the Confirmation Order, the Debtor exercised its reasonable business judgment in deciding whether to assume or reject its executory contracts and unexpired leases in Section 6.1 of the Plan. It assumed the executory provisions of

Gassenheimer's Contract, defined below. Specifically, other than those contracts listed on schedule 2 of the Plan, all executory contracts were assumed. (Confirmation Order at Page 15, Paragraph LL). As such, the executory provisions of Gassenheimer's employment contract (the "Gassenheimer Contract") were assumed to wit: the continuing right to enforce a 12 month post-termination non-compete provision in the contract. Thereafter, the assets of the Debtor, including the Gassenheimer Contract, were transferred to the Reorganized Debtor. (Confirmation Order at Page 20, Paragraph 9).

3. Pursuant to Paragraph VV of the Confirmation Order, the Court retained jurisdiction over those matters set forth in Article 13 of the Plan. With respect to claims, the Court retained jurisdiction to allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of a claim or interest. Article 13 (a).

4. Gassenheimer otherwise incorporates the background information set forth in the Joint Pretrial Order [ECF No. 148].

5. Gassenheimer's Proof of Claim seeks among other relief, payment of severance in the amount of $600,000. Specifically, Gassenheimer's employment contract provides in Paragraph 5(b), that "if the executive's employment is terminated by the company without cause…, then the company shall, through the date of termination, pay the executive the executive's accrued benefits. Additionally, … (i) The Company shall pay the executive an amount equal to 1.0 times the executive's then annual base salary and such amount shall be paid out in a lump sum on the first payroll date after the date of termination…" Gassenheimer was terminated without cause on September 27, 2011. Despite making demand for the payment, Ener1 did not pay the severance prior to filing its Chapter 11 Case.

6. Pursuant to the Plan of Reorganization, Charles Gassenheimer's severance

2

payment in the amount of $600,000 was an unsecured claim to be treated under Class VI of the Plan, and Unsecured Claims treated under Class VI were to be paid in full on the effective date, March 30, 2012. On the effective date the Debtor filed an objection to the Gassenheimer Claim asserting only the 2010 Bonus defense, asking the severance claim be reduced by $450,000 to $150,000.[1] However, the Debtor did not pay the undisputed amount of the severance payment on the effective date.

7. The Debtor now contends that when Charles Gassenheimer's new business, Carnegie Hudson's Resources, entered into an engagement with A123 in May 2012 to provide financial advisory services, Charles Gassenheimer breached certain non-compete provisions in the Gassenheimer Contract, which Debtor now claims is a defense to payment of the Gassenheimer Claim.  Notably, the post-confirmation Reorganized Debtor never asserted these claims by cease and desist letter or an injunction lawsuit.  Gassenheimer disputes that his consulting work breached the non-compete provisions and contends the Debtor does not have the right to assert the claim/defense, as the assumed contract was transferred to the Reorganized Debtor under the plan and confirmation order.   See Confirmation Order at p. 20 paragraph 9. [ECF 74] Therefore, only the Reorganized Debtor may assert the Post-Confirmation Breach of Contract claim/defense and the bankruptcy court does not have subject matter jurisdiction to adjudicate this claim/defense.

8. The breach of contract defense was raised for the first time in the Debtor's Amended Objection to the Claim, filed July 18, 2012.

## MEMORANDUM OF LAW

This Court held in *In re: Park Avenue Radiologists v. Melnick*, 450 B.R. 461 (Bankr. S.D.

---

[1] The objection also addressed the vacation pay claim which is not relevant here.

3

7350798-3

N.Y. 2011), the jurisdiction of the Bankruptcy Court, like other Federal Courts, is limited. "Once confirmation occurs, the Bankruptcy Court's jurisdiction shrinks." Citing *General Media v. Guccine,* 335 B.R. 66, 73 (Bankr. S.D. N.Y. 2005). This Court further observed in *Park Avenue Radiologists* that while "generally, an inquiry involving a Bankruptcy Court's subject matter jurisdiction commences with a discussion of whether the matter before the court is "core" or "non-core"," in the post-confirmation context, "Courts in such circumstances have required an additional showing that the dispute has a close nexus to the bankruptcy case or relates back to the effectuation of the Chapter 11 proceedings." Citing *Donaldson v. Bernstein*, 104 F.3d 547, 553 (3rd Cir. 1997); *Neptune Worldwide Moving, Inc. v. Snyder Moving and Storage Company*, 111 B.R. 457, 462/464 (Bankr. S.D. N.Y. 1990).

This Court recognized in *Park Avenue Radiologists* that the fact that a proceeding might be characterized as core does not mean that this Court retains subject matter jurisdiction to hear it after confirmation. Once a plan is confirmed, it is assumed the Reorganized Debtor is becoming self-sufficient and no longer needs the unbridled protection from the Bankruptcy Court. *Pittibon, Inc. v. Easley*, 935 F.2d 120, 122 (7th Cir. 1991). Additionally, there is no longer a bankruptcy estate, as the property reverts to the Reorganized Debtor. *Rickel and Associates, Inc. v. Smith*, 272 B.R. 74, 97-98 (Bankr. S.D. N.Y. 2002). Accordingly, this Court noted that emphasis on whether a matter is core or non-core in deciding subject matter jurisdiction to hear a post-confirmation dispute is misguided. *In re: Park Avenue Radiologists,* 450 B.R. at 468. Thus satisfying the "close nexus" test is necessary, although not the end of the inquiry.

To satisfy the close nexus, test the proceeding must affect some aspect of the plan, either in its meaning, implementation, or its consummation. Here the Plan was effective as of March 30, 2012, and is fully funded and fully consummated. The Reorganized Debtor has been

4

operating since March 30, 2012 without bankruptcy Court supervision or assistance. The only reason the case is still pending is the unresolved Gassenheimer Claim. Therefore the close nexus test is not met as to the Breach of Contract defense.

This Court should be further guided by *Resorts International Inc. v. PricewaterhouseCoopers*, 372 F.3d 154 (3rd Cir 2004). The Trustee of a post-confirmation liquidating trust sued its accountant for professional negligence in performing duties post-confirmation for the liquidating trust. The bankruptcy court found no subject matter jurisdiction, the district court reversed and the Third Circuit Court of Appeals reinstated the opinion of the bankruptcy court. Importantly, the case notes that subject matter jurisdiction cannot be conferred by agreement irrespective of what the plan provides, *Id*. at 161, and because the claim arose post-confirmation, it does not directly affect the debtor or the liquidation of the estate, *Id* at 163. In the Ener1 case, all claims of creditors were and have been paid in full and equity security holders' rights were being extinguished. As such, the allowance of the Gassenheimer Claim will not impact in any regard the Plan or the liquidation of the estate's assets and therefore the Breach of Contract Claim does not satisfy in any regard the close nexus test.

The Court must also consider that the Gassenheimer Contract was assumed and transferred to the Reorganized Debtor. Therefore, any rights to enforce the Gassenheimer Contract belong to the Reorganized Debtor. As such, irrespective of the language of the plan, the Debtor does not have the right to assert the breach of contract claim and the court does not have subject matter jurisdiction to adjudicate it. "The confirmation of a Chapter 11 plan does not totally divest a bankruptcy court of all jurisdiction in the case. Thus, *11 U.S.C. § 1141(b)* permits a debtor to insert language in the plan and order confirming the plan which authorizes the bankruptcy court to retain a limited jurisdiction over specified property of the estate which did

5

not vest in the newly confirmed debtor." *Neptune* at 462.

Dated:  September 9, 2016                                              Berger Singerman LLP

By: */s/ James Gassenheimer*
James Gassenheimer
1450 Brickell Ave., Suite 1900
Miami, FL 33131
Tel: (305) 755-9500
Fax: (305) 714-4340
*(Admitted Pro Hac Vice)*
*Counsel for Charles Gassenheimer*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by the Court's CM/ECF system upon all registered users, including Jay Teitelbaum, Esq., Teitelbaum & Baskin, LLP, Attorneys for Debtor Ener1, Inc., 1 Barker Ave., Third Floor, White Plains, NY 10601 on this 9th day of September, 2016.

By: */s/ James Gassenheimer*
James Gassenheimer

7350798-3