UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

          ENER1, INC.,

                     Debtor.

FOR PUBLICATION

Chapter 11

Case No. 12-10299 (MG)

**MEMORANDUM OPINION AND ORDER DENYING REORGANIZED DEBTOR'S REQUEST TO ADJUDICATE DEBTOR'S POST-CONFIRMATION BREACH OF CONTRACT CLAIM AGAINST CHARLES GASSENHEIMER**

*A P P E A R A N C E S:*

BERGER SINGERMAN LLP
*Counsel for Charles Gassenheimer*
James Gassenheimer
1450 Brickell Ave., Suite 1900
Miami, FL 33131
By:   James Gassenheimer, Esq.

TEITELBAUM LAW GROUP, LLC
*Attorneys for Reorganized Debtor, Ener1, Inc.*
1 Barker Avenue
White Plains, New York 10601
By:   Jay Teitelbaum, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

       Pending before the Court in this contested matter involving an objection to a proof of claim is the issue whether the Court has subject matter jurisdiction to adjudicate a post-confirmation breach of contract claim asserted defensively by a reorganized debtor, Ener1, Inc. ("Ener1," or the "Debtor"), in response to a claim filed by Ener1's former chief executive officer, Charles Gassenheimer ("Gassenheimer"). The parties disputed the issue in the *Joint Pre-Trial Order* (the "Pre-Trial Order," ECF Doc. # 148). Trial of this contested matter is scheduled for September 19, 2016. Resolution of the issue will affect the evidence and arguments at trial. The Court directed the parties to brief the issue. The following briefs were filed: (i) *Ener1's Pre-*

*Trial Memorandum of Law Concerning the Court's Post-Confirmation Jurisdiction to Determine Ener1's Breach of Contract Objection to Amended Claim Number 3 Filed by Charles Gassenheimer* (the "Ener1 Brief," ECF Doc. # 149), and (ii) *Charles Gassenheimer's Supplemental Memorandum of Law on the Issue of the Court's Subject Matter Jurisdiction to Hear Debtor's Post-Confirmation Breach of Contract Claim* (the "Gassenheimer Brief," ECF Doc. # 150).

After considering the briefs and arguments of counsel, the Court concludes that it does not have subject matter jurisdiction to adjudicate the alleged post-confirmation breach of contract claim that Ener1 asserts as a potential setoff to any recovery by Gassenheimer on his proof of claim. Ener1 may, of course, assert the breach of contract claim in a federal or state court of competent jurisdiction.

## I.    RELEVANT BACKGROUND

Gassenheimer served as Chief Executive Officer ("CEO") of the Debtor from August of 2008 through September 26, 2011, when the Ener1 board of directors terminated Gassenheimer's employment "without cause." (Pre-Trial Order at 22.) Gassenheimer's employment agreement with Ener1 (the "Employment Agreement") contained a covenant not to compete with Ener1. (*See* Pre-Trial Order at Exhibit B, Section 8(d).) The non-compete period lasted at least twelve months following the termination of Gassenheimer's employment. (Pre-Trial Order at 22.)

On January 26, 2012, Ener1 filed a petition for relief under chapter 11 of the Bankruptcy Code. Gassenheimer filed a proof of claim (the "Gassenheimer Claim") in Ener1's bankruptcy case (the "Chapter 11 Case") totaling $807,962.00 for unpaid vacation time and a contractual severance payment. On February 28, 2012, this Court confirmed the Debtor's prepackaged plan

of reorganization (the "Plan," ECF Doc. # 74).  The Reorganized Debtor emerged from bankruptcy when the Plan became effective on March 30, 2012.

Gassenheimer's alleged breach of the covenant not to compete occurred no earlier than April 2012, when Gassenheimer co-founded Carnegie Hudson Resources ("CHR"), a business that provides investment and advisory services.  Sometime during the spring or summer of 2012, Gassenheimer and CHR engaged in certain business transactions with an entity that allegedly competes with Ener1.  Ener1 asserts that Gassenheimer's conduct violated the non-compete provision of Gassenheimer's Employment Agreement.  Ener1 asserts this alleged breach of contract (the "Breach of Contract Claim") defensively as a potential set off to any recovery by Gassenheimer on his proof of claim; Ener1 does not seek any affirmative recovery from Gassenheimer.  Gassenheimer maintains that this Court does not have subject matter jurisdiction to hear and determine the Breach of Contract Claim.[1]

## II.    DISCUSSION

### A.    Legal Standard

#### 1.    *Standard for a Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) of the Federal Rules of Civil Procedure is made applicable to a bankruptcy proceeding by Bankruptcy Rule 7012(b).  *See* Fed. R. Bankr. P. 7012(b).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110,

---

[1] The Court previously ruled from the bench that both counsel consented on the record to this Court entering final orders or judgment on all issues arising in this contested matter concerning Gassenheimer's claim and Ener1's defenses.  Therefore, no issue arises whether the Court has the authority to adjudicate the claim and defenses (including setoff) in this contested matter that is part of the claims allowance process.  *See Wellness Int'l Network, Lt. v. Sharif*, 135 S. Ct. 1932 (2015).  But consent to entry of final orders or judgment does not create subject matter jurisdiction.  This Opinion concludes that the Court does not have subject matter jurisdiction over the post-confirmation Breach of Contract Claim.  The conclusion would be the same whether that claim is asserted as a counterclaim in an adversary proceeding, or, as done here, asserted defensively in the claims allowance process.

113 (2d Cir. 2000). A court must view the complaint liberally and accept as true all material facts alleged in the complaint when considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *In re Finnie,* No. 05-16373, 2007 WL 1574294, at *3 (Bankr. S.D.N.Y. May 29, 2007) (*citing 19 Court Street Assocs., LLC v. Resolution Trust Corp. (In re 19 Court Street Assocs., LLC)*, 190 B.R. 983, 995 (Bankr.S.D.N.Y.1996); *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l., Ltd.,* 775 F. Supp. 101, 103 (S.D.N.Y.1991)). However, the court need not draw inferences favorable to the plaintiff from the complaint, as is the case with a Rule 12(b)(6) motion to dismiss. *J.S. v. Attica Cent. Schools,* 386 F.3d 107, 110 (2d Cir. 2004). The court is allowed to consider extrinsic evidence and is not limited to the information contained in the pleadings. However, it may not rely on conclusory or hearsay evidence. *Kamen v. Am. Tel. & Tel.,* 791 F.2d 1006, 1011 (2d Cir. 1986) ("[W]hen . . . subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter may be presented by affidavit or otherwise."); *Attica Cent. Schools,* 386 F.3d at 110. "The party seeking to invoke the court's jurisdiction has the burden of establishing that subject matter jurisdiction exists over its complaint." *Luckett v. Bure,* 290 F.3d 493, 497 (2d Cir. 2002).

        2.     *Bankruptcy Court's Post-Confirmation Jurisdiction*

This Court has previously addressed the standards for a bankruptcy court's post-confirmation subject matter jurisdiction in *In re Park Ave. Radiologists, P.C.,* 450 B.R. 461, 467–70 (Bankr. S.D.N.Y. 2011). That case, like this one, involved a claim asserted by a reorganized debtor against a former employee based on an alleged breach of a covenant not to compete. The Court concluded that it did not have post-confirmation subject matter jurisdiction. The following discussion is largely-based on the *Park Avenue Radiologists* opinion and the cases discussed in it.

4

Bankruptcy courts, like other federal courts, have limited subject matter jurisdiction. *Celotex Corp. v. Edwards,* 514 U.S. 300, 307 (1995). Bankruptcy court jurisdiction over civil proceedings (as opposed to cases) is set forth in 28 U.S.C. § 1334(b), limiting jurisdiction over proceedings arising in a bankruptcy case or arising under the bankruptcy law (*i.e.*, core proceedings), and proceedings that relate to a bankruptcy case (*i.e.*, non-core proceedings). *Rubin Baum Levin Constant & Friedman v. Mushkin (In re Masterwear Corp.),* 241 B.R. 511, 515 (Bankr. S.D.N.Y.1999).

Section 1334 does not expressly limit the bankruptcy court's post-confirmation jurisdiction. However, most courts agree that "once confirmation occurs, the bankruptcy court's jurisdiction shrinks." *General Media v. Guccione* (*In re General Media, Inc.),* 335 B.R. 66, 73 (Bankr. S.D.N.Y. 2005); *see also Cantor v. Am. Banknote Corp.,* No. 06 Civ. 1392 (PAC), 2007 WL 3084966, at *3 (S.D.N.Y. Oct. 22, 2007) ("Generally a bankruptcy court's jurisdiction abates upon confirmation of the reorganization plan."); *Guccione v. Bell,* No. 06 Civ. 492 (SHS), 2006 WL 2032641, at *4 (S.D.N.Y. July 20, 2006) ("Courts generally agree that federal jurisdiction pursuant to section 1334 shrinks once plan confirmation has occurred.").

Section 1141(b) of the Bankruptcy Code provides that "a chapter 11 plan or confirmation order may specifically provide for the retention of jurisdiction by the bankruptcy court over actions pending at the time of confirmation and actions commenced after the time of confirmation, and over any assets recovered as a result of these actions." *Neptune World Wide Moving, Inc. v. Schneider Moving & Storage Co. (In re Neptune World Wide Moving, Inc.),* 111 B.R. 457, 462–64 (Bankr. S.D.N.Y. 1990). Section 1142 confers limited post-confirmation jurisdiction upon the bankruptcy court for the purpose of implementing the plan. *Id.* at 462 (*citing Goodman v. Phillip R. Curtis Enters., Inc.,* 809 F.2d 228, 232 (4th Cir. 1987)).

5

When a bankruptcy court is presented with a post-confirmation dispute involving a reorganized debtor, as is the case here, case law requires the court to determine whether the dispute has a "close nexus" to the bankruptcy case or "relates back to the effectuation of the Chapter 11 proceeding." *Donaldson v. Bernstein,* 104 F.3d 547, 553 (3d Cir. 1997). "[T]he distinction between core and non-core jurisdiction may not be particularly relevant after confirmation." *General Media,* 335 B.R. at 74. "[T]he scope of the post-confirmation jurisdiction mapped out by the case law usually meets the definition of a core proceeding. Broadly speaking, the proceeding must affect some aspect of the plan—its meaning, its implementation or its consummation—to come within the Court's post-confirmation jurisdiction." *Id.* As the court in *Neptune* succinctly stated, "[t]he fact that Neptune's adversary proceeding might be characterized as core does not mean that this court retains subject matter jurisdiction to hear it after confirmation . . . ." *Neptune World Wide Moving, Inc.,* 111 B.R. at 464.

Once a plan is confirmed, it is assumed the reorganized debtor is becoming self-sufficient, and no longer needs umbrella protection from the bankruptcy court. *Pettibone Corp. v. Easley,* 935 F.2d 120, 122 (7th Cir. 1991). Additionally, there is no estate, as property reverts to the reorganized debtor. 11 U.S.C. § 1141(b); *Rickel & Assocs., Inc. v. Smith (In re Rickel & Assocs., Inc.),* 272 B.R. 74, 97–98 (Bankr. S.D.N.Y. 2002). Satisfying the "close nexus" test is necessary but not sufficient to establish post-confirmation jurisdiction.[2]

---

[2] Case law is divided whether, after confirmation of a chapter 11 plan, the "conceivable effect" test or the "close nexus" test applies. Where the debtor has been reorganized, as is the case here, the "close nexus" test applies. *See ACE Am. Ins. Co. v. DPH Holdings Corp. (In re DPH Holdings Corp.),* 448 F. App'x 134, 137 (2d Cir. 2011); *Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Courtyard),* 729 F.3d 1279, 1289 (9th Cir. 2013). The "close nexus" test applies post-confirmation in reorganization cases because "it is assumed the reorganized debtor is becoming self-sufficient, and no longer needs umbrella protection from the bankruptcy court. Additionally, there is no estate, as property reverts to the reorganized debtor." *In re Park Ave. Radiologists, P.C.*, 450 B.R. at 468. Some

6

Because of the bankruptcy court's post-confirmation jurisdictional shrinkage, a party seeking to establish post-confirmation jurisdiction must satisfy two requirements. *See General Media,* 335 B.R. at 73–74 (collecting cases). "First, the matter must have a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution or administration of the confirmed plan or incorporated litigation trust agreement. Second, the plan must provide for the retention of jurisdiction over the dispute." *Id.* The *General Media* test is consistent with other Second Circuit case law holding that a bankruptcy court retains post-confirmation subject matter jurisdiction to interpret its own orders, "particularly when disputes arise over a bankruptcy plan of reorganization." *Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.),* 304 F.3d 223, 230 (2d Cir.2002) (*citing Back v. LTV Corp. (In re Chateaugay Corp.),* 213 B.R. 633, 640 (S.D.N.Y. 1997); *In re Johns-Manville Corp.,* 97 B.R. 174, 179–80 (Bankr. S.D.N.Y. 1989)).

### B. Parties' Arguments

#### 1. Ener1's Argument

The crux of Ener1's argument is that adjudication of the Breach of Contract Claim is necessary to resolve Gassenheimer's severance claim (the "Severance Claim"). (*Id.* at 9.) By adjudicating the Severance Claim, Ener1 argues, this Court will necessarily have to decide the Breach of Contract Claim. (*Id.* at 10.) Ener1 stresses that these two claims both arise from the

---

courts apply the "close nexus" test even when the debtor liquidates; other courts apply the "conceivable effect" test. *See Allstate Ins. Co. v. CitiMortgage, Inc.*, No. 11 Civ. 1927 (RJS), 2012 WL 967582, at *5 (S.D.N.Y. Mar. 13, 2012) (summarizing the division within the Second Circuit). The First Circuit has concluded that a bankruptcy court's jurisdiction should not shrink post-confirmation in a liquidation case because "a liquidating debtor exists for the singular purpose of executing an order of the bankruptcy court. Any litigation involving such a debtor thus relates much more directly to a proceeding under title 11." *In re Boston Reg'l Med. Ctr., Inc.*, 410 F.3d 100, 107 (1st Cir. 2005). In a liquidation case, I have followed the First Circuit and applied the conceivable effect test. *See In re Cross Media Mktg. Corp.*, 367 B.R. 435, 444 (Bankr. S.D.N.Y. 2007).

7

same section of the Employment Agreement. (*Id.* at 9.) Offering an analogy, Ener1 argues that this is similar to a compulsory counterclaim under Florida law, made expressly applicable in the Employment Agreement, and therefore, the requisite "close nexus" exists. (*Id.*) Ener1 appears to assume that, on its face, the Plan provides for this Court's continuing jurisdiction.[3] (*Id.* at 10.)

Ener1 also attempts to distinguish this case from cases that conclude that a bankruptcy court did not have subject matter jurisdiction over post-confirmation claims. (Ener1 Brief at 8.) Ener1 argues that, here, the creditor (Gassenheimer) filed a proof of claim, whereas in other cases, such as *Park Avenue Radiologists*, the creditor did not file a proof of claim. (*Id.*).

Ener1 also emphasizes that this dispute relates to a claim objection, rather than an adversary proceeding; Ener1 maintains that the Breach of Contract Claim is raised exclusively as a defense to the Gassenheimer Claim. (*Id.*) Ener1 also maintains that the Breach of Contract Claim has a "close nexus" to the Plan, in contrast to the other cases where courts have dismissed claims for lack of subject matter jurisdiction after finding no "close nexus." (*Id.*) Finally, Ener1 argues that various provisions of the Plan provide this Court with post-confirmation jurisdiction. (*Id.*) While Ener1 distinguishes this case from others, it offers little explanation why those differences should lead to a different result.

### 2.     *Gassenheimer's Argument*

Gassenheimer argues that even if this dispute could be seen as a core proceeding, that does not mean that a "close nexus" exists. (Gassenheimer Brief at 4.) Gassenheimer notes that this Court and others have questioned the usefulness of the "core versus non-core" distinction in the context of a post-confirmation action. (*Id.*) Gassenheimer relies on this Court's *Park Avenue*

---

[3]     While the Ener1 Plan contains a broad retention of jurisdiction provision, it is unnecessary to decide whether it would cover the Breach of Contract Claim because, the Court concludes, the "close nexus" test is not satisfied.

8

*Radiologists* decision to argue that the necessary "close nexus" does not exist. (*Id.*) The fact that the reorganized Ener1 has operated without Court supervision for over four years, and that the Plan is fully funded and consummated, supports a conclusion that no matter how the Breach of Contract Claim is resolved, the Plan will be unaffected.[4] (*Id.*) Gassenheimer notes that all other claims have been paid. (*Id.*)

Gassenheimer cites *In re Resorts Int'l, Inc.*, 372 F.3d 154 (3d Cir. 2004), as an example of a case where no "close nexus" was found simply because a dispute was related to a debtor. In that case, seven years after the plan of reorganization was confirmed, the trustee filed a malpractice action against the accounting firm that was hired post-confirmation to provide tax and financial advice to the liquidation trust. *Id.* at 158-59. Because the malpractice action arose after confirmation, and would not affect distributions under the plan, the court held that the bankruptcy court lacked subject matter jurisdiction. The court explained that the question of "core versus non-core" proceedings is an issue separate from subject matter jurisdiction. *Id.* at 163.

### C.   This Court Does Not Have Subject Matter Jurisdiction Over the Breach Of Contract Claim

The Ener1 Plan includes a broad retention of jurisdiction provision over disputes arising in the claims allowance process. A retention of jurisdiction provision cannot *create* subject matter jurisdiction; it only allows the bankruptcy court to adjudicate the retained claim of a reorganized debtor *if* the "close nexus" test is also satisfied. Here, the Breach of Contract Claim fails to satisfy the "close nexus" test.

---

[4]   Refusing to adjudicate the Breach of Contract Claim in this Court because of the absence of subject matter jurisdiction leaves Ener1 free to file the claim in another court.

9

First, because the Plan was fully funded, all other creditors have been fully paid and the old equity has been extinguished. All property of the estate vested in the Reorganized Debtor, including the breach of the covenant not to compete claim against Gassenheimer, and only Ener1 stands to benefit from the Breach of Contract Claim, whether asserted defensively, as here, or affirmatively in any action that Ener1 brings against Gassenheimer. The Plan, and its implementation, will not be affected whether the Breach of Contract Claim succeeds or fails. Resolution of this dispute does not involve any interpretation of the Plan.

Second, the conduct giving rise to the Breach of Contract claim occurred after Plan confirmation. It may be that the same section of the Employment Agreement applies to Gassenheimer's Severance Claim—which arose prepetition and will be decided as part of the claims allowance process—and Ener1's breach of covenant not to compete claim—which arose post-confirmation from separate conduct. The Employment Agreement was executed in June 2010, but the earliest Gassenheimer may have breached the Employment Agreement was in April 2012, after he co-founded CHR and had ceased working at Ener1. (*Id.* at 19.) The argument for post-confirmation jurisdiction in *Park Avenue Radiologists* was stronger than here. In that case, the conduct giving rise to the breach of the non-compete agreement took place before plan confirmation, but that fact was unavailing on the issue of post-confirmation subject matter jurisdiction. The post-confirmation conduct here creates greater distance—not a "close nexus"—between the Breach of Contract Claim and the bankruptcy case.

Finally, the Court can determine the merits of the Severance Claim independent of any post-confirmation conduct relating to the Employment Agreement. Both claims arose out of the Employment Agreement, but they rest on different legal theories, they arise from a different set of facts and circumstances, and they require proving different elements of the underlying causes

of action.  Resolution of the Severance Claim does not require adjudication of the Breach of Contract Claim.

### III.    CONCLUSION

For the reasons discussed above, the Court concludes that it does not have subject matter jurisdiction to adjudicate the Breach of Contract Claim.  Therefore, Ener1 will not be permitted to assert the alleged breach of the covenant not compete as a defense or set off to Gassenheimer's Claim.

**IT IS SO ORDERED.**

Dated:    September 15, 2016
         New York, New York

___*Martin Glenn*_____
MARTIN GLENN
United States Bankruptcy Judge
